**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4705-14T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

STEPHEN HERNANDEZ,

    Defendant-Appellant.

_____

> Submitted December 20, 2016 – Decided May 17, 2017
>
> Before Judges Espinosa and Guadagno.
>
> On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 09-09-1606.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).
>
> Gurbir S. Grewal, Bergen County Prosecutor, attorney for respondent (Catherine A. Foddai, Senior Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

In 2010, a jury convicted defendant of first-degree kidnapping, N.J.S.A. 2C:13-1 (count one); third-degree aggravated criminal sexual contact, N.J.S.A. 2C:14-3(a) (counts two and four); fourth-degree criminal sexual contact, N.J.S.A. 2C:14-3(b) (counts three and five); first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a) (counts six and eight); and second-degree sexual assault, N.J.S.A. 2C:14-2(c). He was sentenced to a twenty-five year prison term subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2 on the kidnapping charge; a consecutive fifteen-year term, also subject to NERA, on one of the aggravated sexual assault charges, and concurrent terms on the other counts.[1]

In his direct appeal, defendant presented the following arguments:

> I. THE TRIAL COURT ERRED IN DENYING THE DEFENSE MOTION OF ACQUITTAL ON THE KIDNAPPING CHARGE AT THE CONCLUSION OF THE STATE'S CASE.
>
> II. THE VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE AND THE CONVICTION FOR KIDNAPPING MUST THEREFORE BE REVERSED.
>
> III. THE PROSECUTOR ENGAGED IN MISCONDUCT DURING THE SUMMATION, THEREBY DEPRIVIING DEFENDANT OF A FAIR TRIAL, AND THE CONVICTIONS MUST THEREFORE BE REVERSED.
>
> IV. THE SENTENCE SHOULD BE VACATED AND THIS MATTER SHOULD BE REMANDED FOR RESENTENCING BECAUSE THE SENTENCE IMPOSED IS EXCESSIVE.

[1] Defendant was also sentenced to a consecutive eighteen-month term on an unrelated probation violation.

A)    The    sentencing    court
improperly based the length of the
sentence on the NERA team [sic]

B)    The sentencing court failed to
properly weight the mitigating and
aggravating factors.

C)    The sentencing court erred in
imposing    consecutive    sentences.
Da17

We found insufficient merit in Points I, II and III to merit

discussion in a written opinion, R. 2:11-3(e)(2), State v.

Hernandez, A-4561-10 (App. Div. Oct. 3, 2012) (slip op. at 3),

provided limited comments regarding Points I and II, and remanded

for reconsideration of the sentence, id., slip op. at 10.   The

Supreme Court denied certification.  State v. Hernandez, 213 N.J.

535 (2013).  On remand, the trial court merged certain counts but

imposed the same aggregate sentence, which we affirmed; the Supreme

Court denied certification.   State v. Hernandez, 217 N.J. 52

(2013).

The facts underlying defendant's convictions are set forth

in our unpublished opinion, Hernandez, supra, slip op. at 4-8,

and need not be repeated here.  To provide context for the

issues raised in this appeal, we note that the victim testified

that the sexual assaults occurred in defendant's car.  Defendant

also testified and contended the sexual activity was consensual.

Defendant filed his PCR petition in July 2014, which was followed by a brief by appointed counsel. The brief submitted on behalf of defendant's petition argued that trial counsel was ineffective because (1) he only met with defendant once to discuss his testimony and failed to prepare him for cross-examination; (2) he failed to object to: testimony that defendant withdrew his consent to a search of his vehicle; the prosecutor's questions to defendant asking if the police officers were lying when they gave testimony contradictory to his; and testimony regarding defendant's numerous motor vehicle violations as he eluded the police on the night of the criminal offenses; and (3) he failed to file a motion for the recusal of the trial judge on the ground that he had presided over defendant's prior trial for aggravated sexual assault. He also argued appellate counsel was ineffective for failing to challenge the evidence as to which trial counsel had failed to object. Finally, he alleged that cumulative errors in the trial required a new trial.

The PCR judge denied defendant's petition and set forth his reasons for denying the petition without an evidentiary hearing in an oral decision. Defendant presents the following arguments in his appeal:

4

POINT I

THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A <u>PRIMA</u> <u>FACIE</u> CASE OF COUNSELS' INEFFECTIVENESS. (PARTIALLY RAISED BELOW).

A. TRIAL COUNSEL FAILED TO OBJECT TO THE TESTIMONY AND SUMMATION THAT DEFENDANT REFUSED TO CONSENT TO A SEARCH OF HIS CAR AND FAILED TO REQUEST A LIMITING INSTRUCTION REGARDING SAME; APPELLATE COUNSEL FAILED TO RAISE THESE ISSUES AND PCR COUNSEL FAILED TO RAISE THE SUMMATION AND LIMITING INSTRUCTION ISSUES. (PARTIALLY RAISED BELOW).

B. TRIAL COUNSEL FAILED TO OBJECT TO THE PROSECUTOR'S ASKING DEFENDANT TO ASSESS THE CREDIBILITY OF POLICE OFFICERS AND APPELLATE COUNSEL FAILED TO RAISE THIS ISSUE.

We are not persuaded by any of these arguments and affirm.

To prevail on a claim of ineffective assistance of counsel, defendant must meet the two-prong test of establishing both that: (1) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different."  Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 2064, 2068, 80 L. Ed. 2d 674, 693, 698 (1984); State v. Fritz, 105 N.J. 42, 52 (1987).  The PCR judge applied this two pronged test in reviewing defendant's petition.

Addressing defendant's claim that he was not properly prepared for his testimony, the PCR judge observed that, before defendant testified, the trial judge reviewed his rights regarding his decision to testify or not and advised him he would face cross-examination if he testified.  Defendant replied he understood his rights and his options and did not indicate he was unprepared to testify.  The PCR judge further noted defendant had not identified "any particular line of questioning" where the alleged lack of preparation had hampered his performance.  His own review of defendant's testimony revealed no such inadequacy.  The PCR judge concluded this argument failed to satisfy the first prong of the Strickland test.

The PCR judge then reviewed defendant's claim that trial counsel was ineffective in failing to object to certain testimony. He found some merit to the criticism of trial counsel's failure to object to the evidence regarding defendant's refusal to consent to a search of his car.  However, he found that this claim failed to satisfy the second Strickland

prong because defendant was able to present an explanation to the jury for his action, rendering the error harmless.

Turning to the failure to object to the prosecutor's questions seeking his opinion on the veracity of the police officers, the PCR judge read the relevant portion of the transcript into the record. He stated the questions were improper and that if an objection had been posed, it would have been sustained. But, in light of the fact the jury was properly instructed that the issue of credibility was for them to decide, the PCR judge found defendant had failed to satisfy the second Strickland prong.

The PCR judge rejected defendant's argument regarding the failure to object to evidence regarding defendant's successful efforts to elude the police. Citing State v. Rose, 206 N.J. 141 (2011), the judge stated the evidence was not subject to a Rule 404(b) analysis but rather, was admissible as intrinsic evidence. In sum, the PCR judge found no merit in the claims of ineffective assistance based upon trial counsel's failures to object.

The PCR judge also found neither prong of the Strickland test was met regarding trial counsel's failure to make a motion to recuse the trial judge because there was no basis to file the motion and the motion was likely to be unsuccessful.

Turning to the claims that appellate counsel was ineffective, the PCR judge observed the failure to raise an issue that would be unsuccessful on appeal does not provide grounds for a claim of ineffective assistance. The PCR judge concluded that because none of the issues defendant claims should have been raised on appeal would have been successful, there were no errors that would have made a difference in the outcome of the appeal.

A court should grant an evidentiary hearing on a PCR petition if a defendant has presented a prima facie case of ineffective assistance of counsel. State v. Preciose, 129 N.J. 451, 462-63 (1992). "If the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to post-conviction relief . . . then an evidentiary hearing need not be granted." State v. Marshall III, 148 N.J. 89, 158 (1997) (internal citations omitted). Based on his extensive and thoughtful review of the record, the PCR judge found defendant failed to make a prima facie showing of ineffectiveness of trial or appellate counsel under the Strickland-Fritz test. We agree. Thus, an evidentiary hearing was not warranted. See Preciose, supra, 129 N.J. at 462-63.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4705-14T2